Submitted on record and briefs December 10, 1992, appeal dismissed
February 3, 1993

STATE OF OREGON,
Acting by and through the
DIRECTOR OF VETERANS' AFFAIRS,
*Respondent,*

*v.*

MARGUERITE E. WRIGHT TRUST;
Marguerite E. Wright; Robert J. Wright;
Valley Rolling Mills, Inc.; Lane County, Oregon;
Gordon Wylie; Associates Financial Services Company
of Oregon; United States of America,
Internal Revenue Service, United States Treasury,
Federal Bureau of Investigation;
International Paper Company;
Karl Harvey; and James Weaver,
*Defendants,*

*and*

Thomas J. MARTIN,
*Appellant.*

(16 84 07361; CA A72805)

845 P2d 1297

Thomas J. Martin, Noti, filed the briefs *pro se*.

Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Douglas F. Zier, Assistant Attorney General, Salem, filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

ROSSMAN, P. J.

---

* Leeson, J., *vice* Buttler, J., retired.

**ROSSMAN, P. J.**

In this foreclosure proceeding, the trial court issued a stipulated judgment of foreclosure against Robert and Marguerite Wright in October, 1988. In November, the court issued a writ of execution on the judgment. In February, 1989, the property was sold at a sheriff's sale. Appellant, a tenant on the property who had not been named as a party in the foreclosure proceeding, filed an "Amicus Curiae Request to File Motions" on February 23, 1989. The trial court entered an order in June, 1989, confirming the sheriff's sale. The Wrights appealed the order in July, 1989, and we affirmed. *State Director of Veterans' Affairs v. Wright*, 104 Or App 532, 802 P2d 102 (1990), *rev den* 311 Or 187 (1991).

The trial judge allowed *nunc pro tunc* appellant's request to file a motion to set aside the judgment of foreclosure, and, on November 19, 1991, it denied the motion. Appellant filed a notice of appeal. In February, 1992, we ordered appellant to show cause why the appeal should not be dismissed for lack of standing. On April 10, 1992, we issued an order allowing the appeal to proceed:

> "Although appellant was improperly labelled as amicus curiae in the trial court, he was correctly allowed to participate and treated as if he had been allowed to intervene. Therefore, the court determines that he is a party to this appeal as an intervenor."

Respondent asks us to reconsider our ruling and to dismiss this appeal. We allow reconsideration, withdraw our former order and dismiss the appeal.

We were in error in stating that appellant was an intervenor. Appellant was not named as a party to the foreclosure action. He made no attempt to intervene or appear until after the judgment of foreclosure was final and the property had been sold; the time for the Wrights to appeal the judgment had expired. His filing of a motion to set aside the judgment of foreclosure against the Wrights did not give him status as an intervenor.

Appeal dismissed.